Messrs. Hopkins and Evans, *pro quer.*
Messrs. Read and Biddle, *pro def.*

---

### Adam Swenk *against* Daniel Stout.

*Narr.* in covenant on a general warranty of lands, stating that the defendant had no title at the time of sale, that an ejectment had been brought against plaintiff by a stranger, of which he gave the defendant notice, and that he had been afterwards evicted in due course of law, held sufficient on demurrer.

Berks county, ss.

Daniel Stout, late of Berks county, yeoman, was summoned to answer Adam Swenk of a plea that he hold unto him certain covenants, according to the force, form and effect of a certain deed poll by the said Daniel to the said Adam, made, &c. and whereupon the said Adam by John Spayd, his attorney, saith, that on the 11th day of August, *anno domini* 1788, at the county aforesaid, the said Daniel, by a certain deed poll, with his seal sealed and now brought here into court, the date whereof is the day and year aforesaid, for and in consideration of the sum of 55*l.* to him in hand paid by the said Adam, did grant, bargain, sell, release and confirm unto the said Adam, and to his heirs and assigns, a certain piece or parcel of land, &c. situate, &c. together with all and singular, &c., to have and to hold the said premises unto the said Adam, his heirs and assigns, to and for his and their own proper use and benefit forever; and the said Daniel by the same deed poll did covenant, promise and grant to and with the said Adam, that he the said Daniel and his heirs, the before described tract of land, hereditaments and premises by the said deed poll granted, or mentioned or intended so to be, with the appurtenances, unto the said Adam, his heirs, and assigns, against him the said Daniel, and his heirs, and against all and every person or persons whomsoever, should and would warrant and forever defend, as by the aforesaid deed poll more fully may appear. And the said Adam in fact saith, that the said Daniel at the time of the bargain and sale aforesaid, had not any right or title whatsoever to the piece or parcel of land aforesaid, or any part thereof, and that he the said Adam, being in possession thereof under the said Daniel, was by a certain Timothy Peace-

able, lessee of William Witman, junior, impleaded in an action of trespass and ejectment of and concerning the premises, to wit, in the Court of Common Pleas, held at Reading for the said county of Berks, on the, &c. before, &c. of which said action the said Daniel then had notice, to wit, at the county aforesaid. And the said Adam further saith, that he the said Daniel then and there having notice of the action aforesaid against the said Adam, did not warrant and defend the premises unto him the said Adam; and he the said Adam not having anything to say why the said Timothy Peaceable should be precluded from recovering the premises aforesaid the court afterwards did consider that the aforesaid Timothy should recover his term yet to come in the same premises and so the said Adam was evicted from the same premises in due course of law, of which the aforesaid Daniel also had notice, to wit, at the county aforesaid; nevertheless the aforesaid Daniel, although often required, hath not rendered unto the said Adam, other land in lieu of the premises, nor the value thereof, nor hath he satisfied the said Adam in any manner whatsoever, although often requested so to do, and therefore the said Adam saith that he the said Daniel hath not kept his covenant aforesaid, but hath broken the same, and hitherto hath refused and still doth refuse to keep the same, to the damage of the said Adam 500 dollars, and therefore he brings this suit, &c, Pledges, &c. To this declaration there was a general demurrer, which came on for argument at Nisi Prius by consent.

Mr. Clymer for the defendant, in support of the demurrer, excepted to the declaration, that it did not state that the lessee of William Witman had the eldest title to the lands, or even a legal title. The want hereof was held fatal in Kirby v. Hansaker. Cro. Jac. 315. In covenant for enjoyment without eviction, a breach that a stranger recovered in ejectment is not good, without showing that he had the elder title, though there was a rejoinder that the recovery was by covin, and a verdict for the plaintiff.

In covenant on a sale of lands with warranty, breach that I. S. having a legal title, entered and expelled the plaintiff by due process of law; held insufficient, for he might have had a lawful title under the plaintiff. Wooten v. Hele. 1 Lev. 301. 1 Mod. 293. Covenant to save a tenant harmless from all suits, evictions or expulsions. Plea covenants performed. Replication that I. S. ousted him by writ of *hab. fac. poss.* out of *B. R. debito modo exuente*, and held ill on demurrer for two reasons; one whereof was, that he ought to have shown, that I. S. had

a legal title before the lease.    Nicholas v. Pullen. 1 Keb. 379, 413. S. C. 1 Lev. 83.

In debt on a bond to save lessee harmless, the plaintiff must reply that the person who recovered against him by verdict had the ancient title; for otherwise, the covenant is not broken.    Noke's case. 4 Co. 80.    He also cited Chanudflower v. Prestley. Yelv. 30.

Mr Spayd for the plaintiff.    The cases cited may be good law, but inapplicable.    It is objected, that it is not shown that the recoverer had the eldest or even a legal title ; but it is obvious that he could not succeed in the ejectment without having the eldest and best title.    That the defendant received notice of the suit, and that the plaintiff was evicted by due process of law, is tantamount to, if not stronger than averring, that the nominal lessee had the elder and better title.    The breach here pursues the words of the covenant, which has always been held sufficient.

By the court.    The declaration might have been more artificially drawn, but we consider it as substantially good.    It is said ( 1 Burr. 319 ) that the rules of pleading are founded in the closest logic, and the good sense of the cases cited must be, that as the plaintiff must entitle himself to his action, and as in covenants of quiet enjoyment and warranty the acts of wrong doers are not comprehended, (1 Stra. 400. Hob. 35, 3 Term Rep. 584 ) he should state a case, wherein the title of the covenanter must necessarily have come in question.    A lawful opposing right should therefore be averred, though it need not be set out.    4 Term. Rep. 617.    The plaintiff here has asserted, that the defendant at the time of the sale had no right or title to any part of the lands sold, and the demurrer confessing all facts which have been well pleaded, (Co. Lit. 72. a. 5 Co. 69. Carth. 31) it follows, that the recovery could only have been under a good and and elder title, inconsistent with the right of the now defendant, and not under that right.    The declaration is certain to a common intent, and the notice stated to have been given of the commencement of the ejectment precludes every idea of collusion.

Judgment for the plaintiff, and writ of inquiry of damages awarded.