# Davis *versus* King.

If taxes be assessed upon lands held in common and there is a treasurer's sale thereof, one tenant cannot purchase the entire property at said sale so as to acquire such adverse title as will deprive his co-tenant of his interest therein.

June 4th 1878.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas of *Warren county:* Of May Term 1878, No. 128.

Trespass *quare clausum fregit* for cutting and carrying away timber, by A. J. Davis against Wesley King.    Previous to 1855, C. B. Curtis and John N. Miles, by deed from A. & E. Huidekoper, were tenants in common of 100 acres of unseated land in Warren county.    In 1855 Miles died, unmarried, without issue, and leaving to survive him a father (living at the time this suit was brought), one brother and three sisters, all adults.    In 1860 and in 1862 the land was sold at treasurer's sale for the non-payment of taxes. Robert Miles, the father, and the administrator of John N. Miles, and Curtis separately redeemed, each for himself, the undivided one-half of the land from the sales of 1860 and 1862.

In 1864 Curtis paid the unseated taxes then due on the undivided half of the land, and the other half was sold by the treasurer to one R. K. Russell, who assigned his deed to the plaintiff, A. J. Davis, after the time of redemption had expired.

In 1868 the entire 100 acres were sold to the plaintiff, Davis, for the unseated taxes of 1866 and 1867.    The land was not redeemed from the sale of 1868, and by virtue of the treasurer's sale and deed made in 1868, the plaintiff claims the whole 100 acres.

The defendant claimed under Curtis, by conveyance made in 1875, prior to which Curtis had procured from one of the sisters of John N. Miles, an assignment of whatever right she had in the land, Curtis's conveyance to defendant being the undivided one-half and the undivided one-eighth of the 100 acres.    The amount of timber cut by defendant did not exceed $5 in value—the question being one of right to the land.

Did the plaintiff, Davis, sustain such a relation to Curtis at the

[Davis *v.* King.]

time of his purchase of the land at treasurer's sale of 1868, as prevented him from acquiring title to the 100 acres by that purchase? was the question in the case, and was presented to the court in the following points of the plaintiff, to which are appended the answers of the court, Galbraith, P. J.:

1st. That the assessments, sale and treasurer's deed to the plaintiff, dated June 8th 1868, vested in him a perfect title to the land in controversy, whether the plaintiff was or was not a tenant in common or joint owner with Curtis's, defendant's, vendor at the time of the treasurer's sale.

Ans. "This point is refused. It is admitted that the plaintiff was jointly interested in the tract in question as co-heir with the defendant, and that his claim to exclusive ownership rests upon a purchase made by him at treasurer's sale while standing in such relation to the defendant. Under a well-settled rule of law he could not acquire such adverse title by the purchase of the entire property, thus taking it from under his co-tenant, and we do not see anything in the legislation referred to that will vary the general rule or take this case out of the operations of the principle referred to.

2d. That under the uncontroverted facts in evidence the plaintiff is entitled to recover.

Ans. "This point is refused. Under our views of the law the verdict of the jury must be for the defendant."

Verdict accordingly, when the plaintiff took this writ, assigning for error the answers to his points and the direction to find for defendant.

*William D. Brown,* for plaintiff in error.—The general rule that tenants in common are not permitted to acquire an interest in property hostile to each other, is predicated upon cases where they claim under the same deed, or the same ancestor, or through the same will; but here the plaintiff claims adversely to the title of both Curtis and John N. Miles. The undivided half of the land was the debtor to one-half of the taxes remaining unpaid at the treasurer's sale of 1864. That sale vested in Davis the undivided half of the land. After that sale Curtis and Davis held each the undivided half, not by the same, but by diverse titles. The case is not within the reason of the general rule. While it is not disputed that a community of interest produces a community of duty, it is submitted that the Act of April 25th 1850, and March 9th 1847, exempt tenants in common of unseated lands from all duty or obligation to their co-tenants, so far as the payment of taxes are concerned.

*C. B. Curtis* and *S. P. Johnson* for defendant in error.— It is admitted in the argument of the attorney for plaintiff in

[Davis v. King.]

error that joint tenants, copartners and tenants in common, stand in such confidential relation to each other, that one is not permitted to acquire title outstanding by purchase. This rule is, however, claimed to exist only between tenants deriving their title from the same deed or a common ancestor. In this view of the law the counsel is not sustained by the authorities, the rule being that where there is a "community of interest there is a community of duty:" Weaver v. Wible, 1 Casey 270; Lloyd v. Lynch, 4 Id. 419; Keller v. Auble, 8 P. F. Smith 410; Dickey's Appeal, 23 Id. 247; Duff v. Wilson, 22 Id. 442; Lacy v. Hall, 1 Wright 366.

It is submitted that the Act of 1850 or 1847 in no way changes the rule as established governing tenants in common, when both parties are delinquent in payment of their just taxes, so that one of them can thereby deprive his co-tenant of his part of the land held by them in common. In all cases of the like kind the purchaser is still trustee for his co-tenant, and can only hold the title as security for the taxes and costs which he has advanced, as is settled in the case of Duff v. Wilson, 22 P. F. Smith 347.

The judgment of the Supreme Court was entered June 10th 1878,

PER CURIAM.—In this case the purchaser at the treasurer's sale for taxes, failed to pay the taxes on his own undivided half as former owner, and tenant in common with the owner of the other undivided half. He was therefore in equal default with his co-tenant. Under these circumstances, we think his purchase at the treasurer's sale of the whole tract, is governed by the former decisions of this court, holding that joint-tenants or tenants in common, stand in a confidential relation to each other, such as forbids either from purchasing an adverse title over the head of the other. We are not prepared to say how the case would be if, availing himself of his right under the Act of Assembly to sever in the payment of taxes, he had paid his own, and the undivided half of his co-tenant only had been sold by reason of his own default.         Judgment affirmed.