## Sager *v.* Patterson.

*Appeal—Question for jury—Weight given to verdict.*

Where the questions involved in a trial are essentially matters of fact, and there is competent proof which, if believed, would sustain the allegations of the successful party, the verdict of the jury will be sustained on appeal.

*Sale of real estate—Unpaid purchase money—Set-off—Outstanding better title.*

In an action brought to recover unpaid purchase money, the defendant in Pennsylvania has always been allowed to set up as an equitable defense any outstanding better title actually asserted which would amount to a failure of consideration of the contract of purchase, whatever may be the actual covenants in the deed of conveyance.

Argued May 23, 1900. Appeal, No. 177, April T., 1900, by plaintiff, in suit of John Sager against Wm. Helm and L. D. Patterson, from judgment of C. P. Warren Co., March T., 1898, No. 65, on verdict for defendants. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Assumpsit. Before LINDSEY, P. J.

It appears from the record that this was an action to recover on an agreement for the sale of timber a balance of $300 with interest alleged to be due the plaintiff from the defendant as a deferred payment.

ESSENTIAL FACTS FOUND BY THE SUPERIOR COURT.

" Plaintiff conveyed to the defendants by deed the timber upon a certain tract of land therein described, 'containing 150 acres, more or less,' for the consideration of $2,450. The purchase money was all paid except $500, which, by a contemporaneous agreement, was retained in the hands of the defendants upon the following conditions: 'And whereas it is jointly agreed by both parties hereto that, instead of said Patterson & Helm giving their note for the last $500 mentioned, they are to hold back the said payment of $500 due, for eighteen months, to secure them against any defects in the title to said timber, if any, and if, after the expiration of eighteen months, no defects are shown or adverse title proven, then the said Patterson & Helm are to pay the said $500, with interest, in cash to the said John Sager, his heirs, executors, administrators or assigns, without defalcation or stay of execution, for value received.' Accompanying the deed and this contract was an abstract of title furnished by the plaintiff. In addition to these writings it was alleged and shown upon the trial, that the plaintiff had accompanied the defendants around the exterior lines of the tract and had shown them what was included within the general description contained in the deed. It was subsequently discovered that the plaintiff had previously conveyed one half of the premises conveyed to the defendants to J. B. Jennings, Nick Wise, A. M. Gillam and J. S. Wilson. The committee of Jennings filed a bill in equity against the plaintiff and defendants jointly which resulted in a compromise under and in pursuance of which the plaintiff conveyed the undivided eighth part to the plaintiff in the bill, reserving the timber, in payment of which he directed the defendants to pay $200, and receipted to them for that amount 'on the contract by their note for that amount bearing this date given by my direction to W. J. Jennings, committee of James B. Jennings.' Before the expiration of eighteen months claims for the balance of the three eighths of the timber were made and suits subsequently brought therefor.

" It was also alleged by the defendants that title to a portion of the land contained within the lines shown to them, as described in the deed, amounting to sixty-six and seventy-five one hundredths acres, was not in the plaintiff at the time the

147, (1900).]    Statement of Facts—Opinion of the Court.

conveyance was made, but was in one Simpson, an abstract of whose title was presented to them, examined by their attorney and 'reported to be all right.' The defendants set up these several failures of title as a defense to the payment of the balance of the purchase money claimed under the deed and contract above referred to, $200 of the $500 retained having been paid to Jennings's committee under the proceedings in equity above recited, and under the plea of set-off claimed a certificate for such a proportion of the stipulated purchase price as the value of the timber which they failed to receive under the deed from the plaintiff bore to the whole."

Verdict and judgment for defendant for $500. Plaintiff appealed.

*Errors assigned* were to the rulings on evidence, received under objection, answers to points and to parts of the charge and to the whole charge as being biased.

*D. U. Arird*, for appellants.

*D. I. Ball*, for appellee.

OPINION BY BEAVER, J., October 8, 1900 (after finding the facts as set out in the statement of facts) :

The questions involved in the trial were essentially matters of fact. If the plaintiff's allegations were correct, as to which there was competent proof, the verdict of the jury can and ought to be sustained. We have gone carefully over the twenty specifications of error, covering the offers of testimony received under objection, the answers to points for charge, the parts of the general charge deemed objectionable, and the allegations of bias on the part of the court in commenting upon the testimony of the defendant, and find nothing in any of them specially worthy of note. The answers by the court as to what constituted eviction or its equivalent, in order to enable the defendants to set up the outstanding title as a defense to the payment of the balance of the purchase money, rest upon undoubted authority. The plaintiff himself recognized the Jennings's title and the other interests embraced in his deed to Jennings, Wise, Gillam and Wilson were identical. It is true that the plaintiff

claimed to have purchased the interest of the parties to whom he previously conveyed the one half the land upon which the timber was sold to the defendants at treasurer's sale, but, being a tenant in common with them, he could not secure a title as against them thereby. Weaver v. Wible, 25 Pa. 270; Davis v. King, 87 Pa. 261, down to Enyard v. Enyard, 190 Pa. 114, are so uniform and emphatic upon this subject that it is unnecessary to enumerate the authorities.

As to the failure of title to the portion of the tract claimed by Simpson, the whole question is clearly stated in Knepper v. Kurtz, 58 Pa. 480, in which Mr. Justice SHARSWOOD says: "Nothing appears to be better settled in this state as well as elsewhere than that to maintain an action upon a covenant of general warranty an actual eviction must be averred and proved. Not indeed that the party need wait to be actually turned out of possession by legal process, for he may surrender when the result is plainly inevitable. In one case it was held that a judgment in ejectment by itself was not sufficient: Paul v. Witman, 3 W. & S. 407. All the cases agree that there must be a change of possession: Clarke v. McAnulty, 3 S. & R. 364; Stewart v. West, 14 Pa. 336; Dobbins v. Brown, 12 Pa. 75; Wilson v. Cochran, 46 Pa. 229. It is different where an action is brought to recover unpaid purchase money. There the defendant in Pennsylvania has always been allowed to set up as an equitable defense any outstanding better title actually asserted, which would amount to a failure of consideration of the contract of purchase, whatever may be the actual covenants in the deed of conveyance. Such a defense was permitted originally, because equity was always a part of the law in this state, and the defendant could avail himself, as a defense, of whatever matter would entitle him to relief at the hands of a chancellor. That was the principle on which was decided Steinhauer v. Witman, 1 S. & R. 438, and the long train of authorities which have followed in its wake." We see nothing erroneous, therefore, in the answers to the points relating to the failure of title to the portion of the land claimed by Simpson.

The case, as a whole, was elaborately tried and not improperly submitted to the jury, under all the evidence. We can see nothing in any of the assignments of error of which the plaintiff has a right to complain.

Judgment affirmed.