# Orr, Appellant, *v.* Greiner.

*Contracts—Sales—Real property—Breach — Construction — Dependent covenants—Measure of damages—Liquidated damages.*

1. The dependency or independency of covenants is to be determined not alone from any particular words or phrases, but also from the nature of the transaction and object of the parties as evidenced by their contract.

2. In an action to recover the sum of $5,000.00 paid as hand money on the purchase-price of certain property which defendant, in breach of his covenant, refused to convey, and the further sum of $5,000.00 as liquidated damages for breach of the contract, it appeared that the contract, after reciting the payment of the hand money, provided that "for the true performance of all......covenants and agreements aforesaid, each of the said parties binds himself......unto the other......in the sum of $5,000.00......as assessed and liquidated damage to be paid by the party delinquent to the party observant."   On the trial there was evidence that the defendant refused to convey the entire tract.   The court left to the jury the questions whether defendant had committed a breach of the contract, whether plaintiff was ready to perform, and whether

he rescinded the agreement, charging that if they found for the plaintiff he would be entitled to recover the consideration paid, and $5,000.00 additional as liquidated damages, with interest. The jury found a verdict for the plaintiff for $10,460 and the court subsequently entered judgment thereon for $5,230. *Held,* (1) that the agreement did not comprise two independent covenants, one to convey and the other to pay damages for breach of the contract, but the latter covenant was dependent upon the breach of the former, and it was only in that event that damages were to be paid; (2) that upon breach of the contract by the vendor, the vendee could rescind and sue in disaffirmance of the contract, and recover as damages the consideration paid and the costs and expenses to which he had been put in the transaction, or could sue in affirmance of the contract, and recover the damages sustained from its breach by the vendor; and (3) since the damages recoverable were substantially the same whether the suit was in affirmance or disaffirmance of the contract, the judgment as entered was without error.

Argued Feb. 14, 1916. Appeal, No. 178, Jan. T., 1915, by plaintiff, from judgment of C. P. Lebanon Co., March T., 1914, No. 88, on verdict for plaintiff in case of John C. Orr, to the use of Gabriel H. Moyer, v. George G. Greiner. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit to recover damages for breach of written contract for the sale of real estate. Before HENRY, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $10,460.

The lower court subsequently entered judgment on the verdict for the sum of $5,230. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Warren G. Light,* for appellant.—The original verdict should have been allowed to stand: Kemp, et al., v. Knickerbocker Ice Co., 69 N. Y. 45; Dunn v. Morganthau, 76 N. Y. Supp. 827; Streeper v. Williams, 48 Pa. 450; Shreve, et al., v. Brereton, et al., 51 Pa. 175; Powell v. Burroughs, 54 Pa. 329; Matthews v. Sharp, 99 Pa.

560; March v. Allabough, 103 Pa. 335; Lichetti v. Conway, 44 Pa. Superior Ct. 71; Emery v. Boyle, 200 Pa. 249; Yoder v. Strong, 227 Pa. 432; Srolovitz v. Margulis, 35 Pa. Superior Ct. 252.

*Jefferson Snyder,* with him *Charles K. Witmer* and *Charles H. Killinger,* for appellee, cited: Sanders v. Brock, 230 Pa. 609; Haney v. Hatfield, 241 Pa. 413; Glasse v. Stewart, 32 Pa. Superior Ct. 385; Mathews v. Sharp, 99 Pa. 560.

OPINION BY MR. JUSTICE POTTER, July 1, 1916:

In this action of assumpsit the plaintiff sought to recover, first, the sum of $5,000.00 paid as hand money, on the purchase-price of a certain property which defendant in breach of his covenant refused to convey, and, second, the sum of $5,000.00 which the parties had stipulated should be the amount of the liquidated damages for the breach of the contract. It appears that on September 5, 1913, George G. Greiner and his wife executed an agreement under seal by which they covenanted to sell and convey certain premises to Orr and his assigns for the sum of $50,000, and that they received at that time $5,000 on account of the purchase-price of the property, the remainder to be paid upon the execution and delivery of the deed, on January 1, 1914. Included in the description of the property to be conveyed there was a provision that the eastern line should be "at least three feet distant from any building erected upon the plot hereby sold." There was also the following covenant: "And for the true performance of all and every the covenants and agreements aforesaid, each of the said parties binds himself, his heirs, executors and administrators and assigns, unto the other, his executors, administrators and assigns, firmly by these presents in the sum of five thousand ($5,000) dollars, lawful money of the United States, as assessed and liquidated damage to be paid by the party delinquent to the party observ-

ant." Orr assigned this agreement to the use-plaintiff on the same day on which it was executed.

At the trial it appeared that the defendant had absolutely refused to include in the deed of conveyance the strip of ground three feet in width lying along the east side of the building, as required by the agreement of sale, claiming that he had not understood that it was to be a part of the premises to be conveyed; and the use-plaintiff thereupon refused to accept the deed, and said: "The deal is off." The defendant thereupon had another deed drawn up with an irregular easterly line, containing nine courses and distances following the lines of the buildings and being three feet distant therefrom. On January 3, 1914, this deed was offered to the use-plaintiff Moyer, who refused to accept it, as not being in accordance with the contract. There was considerable testimony to show that Moyer was ready and willing to perform his part of the contract on January 1, 1914, the date fixed for the mutual performance of the dependent covenants to convey and to receive the property and pay therefor. In his charge to the jury, the court left to them the questions whether the defendant had committed a breach of the contract, whether the use-plaintiff was ready and willing to perform, and whether he had rescinded the agreement; and charged that if they found these facts in favor of the plaintiff, he would be entitled to recover for both items declared on, the $5,000.00 consideration paid, and the $5,000.00 liquidated damages, or a total of $10,000 with interest from January 1, 1914. The jury brought in a verdict for the plaintiff in the sum of $10,460. Subsequently the court entered judgment on the verdict for the sum of $5,230.00 based, as we understand his opinion, on the amount of the consideration money paid. For the remainder of the verdict, being for the amount claimed as liquidated damages, judgment non obstante veredicto was entered for defendant. Whether the suit was in affirmance or disaffirmance of the contract, the measure of damages to be applied would

produce substantially the same result in this case, as the consideration paid and the sum agreed upon as liquidated damages, were the same in amount. The court was of opinion that in any event the sum named as liquidated damages should be the full measure of recovery in this case, and include the consideration paid.

An examination of the statement of claim filed by plaintiff shows two counts, one for the recovery of the consideration money, and the other for the liquidated damages. In the one count the claim was in affirmance, in the other it was in disaffirmance of the contract. Such counts could not properly be combined unless the covenant for the payment of liquidated damages was distinct from, and independent of, the covenant to convey. If it could fairly be regarded as an independent, or secondary agreement, it would fall within the principle for which the decision in Mathews v. Sharp, 99 Pa. 560, stands, in which there was a contract to convey land, and the sum of $500 was paid down, which the vendor was to hold as a forfeit, in case the purchaser failed to comply with the agreement. On his part the vendor covenanted to return the $500 in case he failed to carry out the contract, and also to forfeit a further sum of $500 to the purchaser. It was held that the clause was to be construed as providing for liquidated damages, and not for a penalty, and that Mathews having failed to convey the property to Sharpe was bound not only to refund the $500 deposited with him, but to pay the $500 additional. TRUNKEY, J., said (p. 564) after reciting the facts: "It is impossible to misunderstand just what the parties meant. They mutually agreed that if either should fail to keep his covenant, he should forfeit and pay to the other the sum of five hundred dollars." But in the present case, after careful consideration of the agreement, we are not able to regard it as comprising two independent covenants, one to convey, and the other to pay damages for breach of the contract. The latter covenant is dependent upon the breach of the former, as

it is only in that event that the damages are to be paid. The payment of $5,000 as part of the purchase-money is recited, but there is no agreement to return that amount in case of failure to convey, and in addition to pay a further sum of $5,000 as stipulated damages. When the vendor broke the contract, the vendee had the right to rescind, and to sue in disaffirmance of the contract, and recover, as damages, the consideration paid, and the costs and expenses to which he had been put in the transaction. Or he was at liberty to sue in affirmance of the contract, and recover the damages sustained from its breach by the vendor. By agreement of the parties, the damages had been fixed at the stipulated sum of $5,000. But as to the vendor, the covenant to pay damages was dependent upon the breach of his covenant to convey, and it would not come into play until he had broken that agreement. "It is settled the dependency or independency of covenants is to be determined, not alone from any particular words or phrases, but also from the nature of the transaction and object of the parties as evidenced by their contract": Potter, Assignee, v. Gilbert, et al., 177 Pa. 159. Here the clause stipulating for the payment of $5,000 as liquidated damages follows immediately the recital of the payment of that amount as part of the purchase-money, and if the amount named was fixed in view of the return of the consideration, in case of default by the vendor, then of course it was a very reasonable and moderate provision; but if it was not intended to include the consideration paid, it was, in the view expressed by the court below, "so grossly disproportioned to the damages which might be suffered in the way of expenses and trouble under such a contract, as to be unconscionable." In Haney v. Hatfield, 241 Pa. 413, the rule laid down in Dumars v. Miller is reiterated, that, in case of breach of contract to convey land, the vendor is to restore the vendee to the condition in which he found him, but is not bound to compensate him for the value of the bargain. It is only in cases of fraud

that the damages are to be increased, and then the fraud must relate to the inception of the contract: McNair.v. Compton, 35 Pa. 23. Mere failure to convey is not fraud which will subject the vendor to further damages: Harris v. Harris, 70 Pa. 170; Rineer v. Collins, 156 Pa. 342. A concise restatement of the general rule upon the subject, and of the supporting cases, is also found in Glasse v. Stewart, 32 Pa. Superior Ct. 385. With the conclusion reached by the trial judge, we agree, and in his entry of judgment we see no error.

The assignments are overruled, and the judgment is affirmed.