## DeForest, Appellant, v. Finn.

*Vendor and vendee—Sale of land—Suit for purchase-money—Defenses—Failure of title.*

Where a vendee of land pays a portion of the purchase-money, enters upon and retains possession of the land, and is then sued for the balance of the purchase-money, the vendee in order to defend on the ground of defective title, must show that he would get a bad title, or that another was attempting to assert it.

In such a case if the defendant wishes to rescind the contract he should have offered to return the land. He cannot defend as upon a rescission of the contract without offering to return the subject-matter, and if he defends in affirmance of the contract he is liable for the consideration less his damages. He cannot both disaffirm and affirm it.

Argued April 18, 1917. Appeal, No. 184, April T., 1917, by plaintiffs, from order of C. P. Beaver Co., June T., 1916, No. 331, refusing to take off nonsuit in case of Annie E. DeForest and H. A. DeForest, her husband, v. Henry Finn. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for balance of purchase-money of real estate. Before BALDWIN, P. J.

The facts appear by the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Fleming Nevin,* with him *Hice, Morrison, Reader & May,* for appellants.

*James L. Hogan,* for appellee.

OPINION BY WILLIAMS, J., July 13, 1917:

In an action of assumpsit to recover an unpaid balance of purchase-price under an agreement of sale the plaintiffs averred they were the owners of a house and lot in Monaca, Beaver County, Pennsylvania, and possessed of a good and marketable title in fee simple which defendant had agreed to buy for $1,500; that, after paying $100 on account, the defendant, in April, 1916, took possession of the property with knowledge that plaintiffs took title under the will of George Huff, the former husband of Mrs. DeForest; that, having learned that defendant had taken possession, plaintiffs tendered him a deed for the property and demanded the balance of the unpaid purchase-money.

Defendant, in his affidavit, denied that plaintiffs had tendered a good marketable title; averred that the full transaction was not set out in the statement of claim and that before he took possession plaintiffs agreed to institute a proceeding to clear the title.

In addition to offering at the trial the facts not denied, there was offered the record of the court of Albemarle County, Virginia, in which the fact was established that H. A. DeForest had an amount of property equal to and in excess above all and any encumbrance of the amount that Annie E. DeForest had at the time of her marriage to him, as required by the will of George Huff to continue in her the power to sell the property. This offer was not refused although the record does not appear in the paper

books. The will of George Huff was also admitted in evidence.

The defendant did not deny the contract to buy, nor that he had taken and still had possession. This was sufficient to establish his liability for the purchase-price unless he was evicted or a manifest failure of title appeared: Steinhauer v. Witman, 1 S. & R. (*438) 437. To defeat the action it is necessary for the defendant to show that the title was defective either in whole or in part: Cross v. Noble, 67 Pa. 74. An actual eviction need not be proved: Sager v. Patterson, 15 Pa. Superior Ct. 147, but where the defendant continues to hold possession and this equitable defense is relied upon, it must be shown that the title was bad or that another was attempting to assert it: Ludwick v. Huntzinger, 5 W. & S. 51; Bradford v. Potts, 9 Pa. 37; Little v. Thropp, 245 Pa. 539. If the record offered proved what the offer stated the court erred in refusing to take off the nonsuit, and, in any event, it was incumbent upon defendant to show that he would get a bad title.

If defendant wished to rescind the contract he should have offered to return the land. His defense is a partial failure of consideration. He cannot defend as upon a rescission of the contract without offering to return the subject-matter, and if he defends in affirmance of the contract he is liable for the consideration less his damages. He cannot both disaffirm and affirm it: Orr v. Greiner, 254 Pa. 308.

The judgment is reversed and a venire facias de novo awarded.