## Strong et al., Exrs., Appellants, *v.* Nesbitt.

*Landlord and tenant—Lease—Possession—Constructive eviction —Allegata et probata—Variance—General warranty—Covenant— Deed.*

1. It is a fatal variance to allege an actual eviction as occurring at one time and to prove a constructive one as occurring at a different time.

2. The possession of a lessee under a lease is the possession of his lessor.

3. No one can be held to have been constructively deprived of possession of land while it is in the actual undisputed possession of his lessee.

4. The gravamen of an action on a covenant of general warranty contained in a deed is not a defect in the title granted, but an eviction consequent on it.

Argued April 13, 1920. Appeal, No. 52, Jan. T., 1920, by plaintiffs, from order of C. P. Luzerne Co., Dec. T., 1911, No. 199, sustaining exceptions to referee's report, in case of Elizabeth D. Wilson Strong and May D. Strong, Executors of Theodore Strong, deceased, v. Abram Nesbitt. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit to recover purchase price and interest because of breach of covenant of general warranty contained in deed for coal.

The case was referred to Joseph D. Coons, Esq., as referee, who reported in favor of plaintiffs. The court in an opinion by FULLER, P. J., sustained the exceptions to the report of the referee, and entered judgment for defendant on the ground that neither eviction nor damage had been established. Plaintiffs appealed.

*Errors assigned* were sustaining exceptions and entering judgment for defendant.

*Frank A. McGuigan,* with him *Wm. S. McLean, Sr.,* and *Wm. S. McLean, Jr.,* for appellants.—Hines v. Kingston Coal Co., 186 Pa. 43, is authority for the proposition that the title to the land conveyed by Nesbitt to Strong was not in Nesbitt, but in the abutting owners on both sides of the road.

The abutting owners had the paramount title, Nesbitt had no title whatsoever: Knepper v. Kurtz, 58 Pa. 480.

Constructive possession, when there is no actual possession, is in him who has the legal title: Norris's App., 64 Pa. 275; Young v. Herdic, 55 Pa. 172.

*F. W. Wheaton,* with him *P. F. O'Neill,* for appellee. —Nesbitt was deprived of a perfect defense to an action either by Strong or his legal representatives, because Strong had received from the D., L. & W. R. R. Co. for the four acres and three perches of coal more money than the purchase price which he had paid Nesbitt for the coal, together with interest thereon, and had therefore suffered no damage, and this defense was available to Nesbitt: Cox v. Henry, 32 Pa. 18; Clark v. Lehigh, etc., Coal Co., 250 Pa. 304.

A covenant of general warranty cannot be broken as soon as entered into, but only by an eviction. In this respect it plainly differs from a covenant against encumbrances: Knepper v. Kurtz, 58 Pa. 482.

OPINION BY MR. JUSTICE SIMPSON, May 3, 1920:

Prior to July 2, 1868, the Commonwealth had patented and conveyed to certain unnamed parties all the land abutting on an unopened but certified public road in Luzerne County; and on that date patented and conveyed the land in the bed of the road to one James P. Weller; the public and professional opinion then being that the abutting owners had no title to the land in the bed of such roads. On January 25, 1882, for a consideration of $2,411 then paid to him, defendant, who had acquired title to four acres and three perches of the

Weller tract, conveyed them to Theodore Strong, whose executrices are the plaintiffs in this case, the deed containing the usual covenant of general warranty. Two months later Strong and his wife leased to the Delaware, Lackawanna & Western Railroad Company, this and another tract of a little over two acres (which latter he owned in fee), with a right and duty upon its part to "mine all of the merchantable coal upon, in and under the same." By virtue of this lease, the railroad company entered into possession of the two parcels of land, and, beginning March 31, 1882, and continuing every three months thereafter until June 30, 1898, paid to Strong the royalties provided therein, the aggregate thereof being $9,601; but having purchased the abutting properties between these two dates, it refused to make further payments, because, on May 9, 1898, in the case of Hines v. The Kingston Coal Company, 186 Pa. 43, we had decided the title of the abutting owners extended to the middle of these roads, and hence Strong had no title to the land he purchased from defendant, and his lease gave the railroad company no right to the coal thereunder.

So far as appears by the record, however, it never redelivered or offered to redeliver to Strong or his estate either of the properties leased to it, nor did it cease mining coal thereunder, or make any claim to recover back the royalties which it had already paid; nor did Strong, up to the time of his death on March 28, 1907, or plaintiffs thereafter, until the bringing of this suit on October 13, 1911, allege defendant was indebted to them, or that they had suffered any damages by reason of his conveyance to Strong in 1882. On March 28, 1910, however, the railroad company and the heirs and legal representatives of Strong, entered into an agreement, whereby, for a consideration of $10,000 in cash and a discharge of its alleged claim to have back the $9,601 royalties *paid under the lease of both properties,* plaintiffs and Strong's heirs agreed to and thereafter did convey to

the railroad company the two-acre tract above mentioned, cancelled the lease for both tracts, and released the railroad company from all claims and demands by reason thereof; plaintiffs reserving, however, any right of action they might have against defendant, who was not consulted regarding the settlement and had no knowledge thereof.

Subsequently plaintiffs brought this suit upon the covenant in the deed, alleging they had been evicted from the property about July, 1898; a referee duly chosen reported in their favor, allowing them the purchase price of the land with interest from January 25, 1882, the date of the deed, but decided that the only eviction was a constructive one, arising on the date stated by reason of the fact that defendant had no title to the land he then conveyed to Strong. The court below sustained exceptions filed to the report, holding that plaintiffs had failed to prove either eviction or damages, and entered judgment for defendant; whereupon plaintiffs prosecuted this appeal. We are of opinion it was right in its conclusion, even though we overlook the fatal variance between the allegation of an actual eviction in 1898 and the finding of an unaverred constructive one in 1882.

If we treat the statement of claim as amended, the allegation and finding would be that Strong was constructively evicted in 1882, not because he was kept out of possession at that time, but only because it was later found he had obtained no title by his deed of that date. It is true the record does not show that he took actual possession of the land at the time of his purchase, or even attempted to take it, but neither does it appear he was unable to obtain it. It is clear, however, that for at least sixteen years thereafter he was in actual possession, by his lessee, his right thereto was unchallenged, and he was receiving, without objection from any source, the royalty provided by the lease. How then can it be said he was constructively evicted in 1882? The mean-

ing of the word "evicted" excludes the possibility that one can be constructively deprived of possession of land of which he has the actual, undisturbed and undisputed possession; and so all our authorities show.

Where a "grantee enters and remains in undisturbed possession of the land, the fact that the title is in a third person does not constitute a breach" of the covenants in the deed (11 Cyc. 1121; 7 Ruling Case Law 1150; 15 Corpus Juris 1288; McGrew v. Harmon, 164 Pa. 115); "the gravamen......[of the action] is not the defect of title, but the eviction consequent on it (Stewart v. West, 14 Pa. 336, 338): "Nothing appears to be better settled in this State, as well as elsewhere, than that to maintain an action upon a covenant of general warranty, an actual eviction must be averred and proved" (Knepper v. Kurtz, 58 Pa. 480, 484) as set forth in the statement of claim: Clarke v. McAnulty, 3 S. & R. 364; Little v. Thropp, 245 Pa. 539, 550.

The judgment of the court below is affirmed.