## Lindner v. Leipold.

*Deed—General warranty—Covenant—Breach of warranty.*

1. A covenant of general warranty in a deed is not broken by mere failure of title.

2. To constitute a breach of a general warranty there must be an eviction, actual or constructive.

3. A grantee in a deed containing a general warranty cannot allege a constructive eviction by the grantor because a vendee of the grantee refused to accept title on the ground that it was unmarketable.

*Assumpsit.* Statutory demurrer. C. P. Washington Co., Feb. T., 1924, No. 97.

Before Brownson, P. J., and Cummins, J.

*John C. Judson,* for plaintiff; *James P. Eagleson,* for defendant.

Cummins, J., Jan. 21, 1924.—The cause of action averred in plaintiff's statement is an alleged breach of the general warranty contained in a deed. The case comes before the court upon statutory demurrer, it being claimed by defendant that the statement filed sets out no sufficient cause of action. Plaintiff's statement alleges that her husband purchased from defendant two certain lots of ground, for which he received from defendant his general warranty deed; that she, as the devisee of her husband, is now the owner of same in fee (the fee being a base fee, which fact, for the purpose of this case, is immaterial); that, as owner of said lots, she contracted to sell same, but that the vendee, before accepting a deed therefor, had the title thereto examined by an attorney, who reported said title to be unmarketable; and that, by reason of her said title being so reported unmarketable, she was unable to consummate said sale and was thus constructively ejected from her said lots. A covenant of general warranty is a technical contract, and it is well established that this covenant is not broken by a mere failure of title, but only where there has been an eviction, actual or constructive: Strong et al. v. Nesbitt, 267 Pa. 294, 298; Herbert v. Trust Co., 269 Pa. 306; Knepper v. Kurtz, 58 Pa. 480, 484; Williams v. O'Donnell, 225 Pa. 321; 11 Cyc., 1121; 15 Corpus Juris, 1288; 7 Ruling Case Law, 1150. "The gravamen . . . [of the action] is not the defect of title, but the eviction consequent on it:" Stewart v. West, 14 Pa. 336, 338. Plaintiff's statement contains no averment of any facts which would constitute an eviction, either actual or constructive. The averment of a constructive eviction therein contained is an allegation of an inference of law not warranted or supported by the facts alleged. Plaintiff has not been disturbed in her possession. Even if the plaintiff's title were defective (which fact is not, except by inference, alleged), this fact would not constitute an eviction. The case at bar must be distinguished from that class of cases where a vendee in possession is compelled to take some action to avoid being evicted, e. g., the making of payment to a judgment lien holder in order to prevent his property being sold at sheriff's sale: Taylor v. Allen, 60 Pa. Superior Ct. 503. It is clear, therefore, that plaintiff's statement of claim fails to set out a good cause of action.

And now, to wit, Jan. 21, 1924, for the reasons set forth in the foregoing opinion, defendant's statutory demurrer sustained and judgment entered for defendant and against plaintiff for costs.

From Harry D. Hamilton, Washington, Pa.