# Thompson v. Consolidation Coal Co.

*W. Robert Thompson* and *Thompson & Bailey,* for plaintiff.

*Ewing B. Pollock* and *Pollock & Pollock,* for defendant.

HOOK, P. J., March 7, 1960.—This is an action to quiet title under rules 1061-1066 of the Pennsylvania Rules of Civil Procedure. An answer was filed, and plaintiff has moved for judgment on the pleadings under rule 1034. This matter involves title to an undivided one-half interest in all the Pittsburgh or River vein of coal, with mining rights, underlying three tracts of land situate in Center Township, Greene County: tract no. 1, containing 126 acres and 152.1 perches; tract no. 2, 88 acres and 129.4 perches, and tract no. 3, containing 415 acres and 86 perches, of which 190 acres is situate in Center Township and the remainder in Jackson Township.

The facts of this case as claimed by both plaintiff and defendant, are as follows:

That William A. Cameron and wife conveyed to William F. Daugherty and William F. Kaiser, decedent in this case, by deed dated July 31, 1906, and of record in the recorder's office of Greene County, in deed book vol. 178, page 96, approximately 1,200 acres of Pittsburgh or River vein of coal situate in Jackson Township and Center Township, this county. Thereafter, by various conveyances, Harry M. Glass and wife became seized of the undivided one-half interest in said coal and mining rights formerly owned by said William F. Daugherty, and on September 10, 1953, the said Harry M. Glass and wife conveyed their undivided one-half interest in said coal and mining rights to the Pittsburgh Consolidation Coal Company, defend-

ant herein, by deed recorded in deed book vol. 475, page 216.

The said Pittsburgh Consolidation Coal Company, defendant herein, having acquired the undivided one-half interest of said Harry M. Glass and wife in the three tracts of Pittsburgh or River vein of coal, purchased at tax sale the undivided one-half interest of the said William F. Kaiser in said coal and mining rights on the first Monday of August 1955, for the price or sum of $79.88.

William F. Kaiser died on March 30, 1957, a resident of the State of Florida, and subsequently W. Robert Thompson was duly appointed ancillary administrator of his estate by the register of wills of this county.

For the year 1953, the three tracts of coal or mining rights were assessed in the name of Harry M. Glass and wife, tract no. 1, containing 88.8 acres, tract no. 2, 126.9 acres, and tract no. 3, containing 198 acres, or a total of 405.7 acres. In 1954 the three tracts of coal were transferred as follows: An undivided one-half interest therein to William F. Kaiser, and an undivided one-half interest therein to Pittsburgh Consolidation Coal Company. Apparently decedent, William F. Kaiser, had paid taxes on this coal land for nearly 50 years, but for some reason or other neglected to pay his share of the school tax for the year 1953 and his share of the county and road taxes for the year 1954.

There is no question as to defendant having a joint or common interest with plaintiff's decedent at the time the property was sold at tax sale. Accordingly, plaintiff asks that we apply the rule applicable in cases where property has been acquired by one of the joint tenants. Plaintiff states, "There is no doctrine more firmly embedded in the law of Pennsylvania than that which proclaims that one tenant in common can-

not by purchase at a tax sale, or other judicial sale, acquire an outstanding title in the common property to the exclusion of his fellow cotenants, but that such a purchase enures to the benefit of all the cotenants. The rule has been followed without question or deviation from its first clear pronouncement in the case of Weaver v. Wible, 25 Pa. 270, 272, where the Court said: 'Where several persons have a joint or common interest in an estate, it is not to be tolerated that one shall purchase an encumbrance or an outstanding title and set it up against the rest for the purpose of depriving them of their interest. Chancellor Kent, with great truth, remarked that such a proceeding would be "repugnant to a sense of refined and accurate justice, and would be immoral, because it would be against the reciprocal obligation to do nothing to the prejudice of each other's equal claim, which the relationship of the parties created." ' "

In the particular case, defendant states that the general rule should not be followed where to do so would create injustice or hardship considering the facts of the particular case. If the general rule would not be followed in this case, the injustice or hardship would be upon plaintiff's decedent, who had paid taxes for many years on this property, and maybe through no fault of his own, the taxes were not paid, which formed the basis of the tax sale. Defendant surely could not say that it has suffered any injustice or hardship in this matter.

It is true that there are cases in other jurisdictions that hold that the purchase by a tenant in common of the share of one of his cotenants is not the purchase of an outstanding hostile claim of title against the other joint interests. It is also true that there are many cases in other jurisdictions which follow the Pennsylvania rule. For a further discussion of the rule applicable in Pennsylvania, see Davis v. King, 87

Pa. 261; Tanney v. Tanney, 159 Pa. 277; Raker v. G. C. Murphy Company, 358 Pa. 339; Hunt v. Mestrezat, 361 Pa. 415, and Beers v. Pusey, 389 Pa. 117.

Accordingly, we are constrained to follow the Pennsylvania rule without deviation under the admitted facts of this case.

## Decree

And now, March 7, 1960, after argument and upon consideration of the pleadings in this case, it is ordered, adjudged and decreed that judgment in favor of plaintiff and against defendant be entered thereon and that defendant, Pittsburgh Consolidation Coal Company, convey without warranty to the personal representative or devisee of the said William F. Kaiser, deceased, said coal and mining rights, upon payment to said Pittsburgh Consolidation Coal Company the purchase price of said coal and mining rights, all taxes thereafter paid on account of the said William F. Kaiser, all costs, recording fees and interest on the whole thereof at six percent per annum.

Ordered, adjudged and decreed accordingly.