## County *versus* Bridenhart.

1. Though county commissioners are not bound by law to provide a residence for the sheriff whilst the jail is rebuilding, yet, if they lease a house for him, the lessor is not bound to inquire under what arrangement it was made; and if without knowledge of the illegal character of the act of the commissioners, may recover the rent from the county.

2. A lease for a year by the commissioners under their own seals and not the county seal, is binding on the county as an express contract; and if the possession be not delivered up at the end of the term, but the occupancy continued, an implied contract arises against the county.   A suit *for use and occupation* however, might not lie against the county, as the occupation was not by the county, nor for its benefit.

ERROR to the Common Pleas of *Dauphin county.*

Elizabeth Bridenhart, the plaintiff below, instituted an action of

[County v. Bridenhart.]

debt against the county of Dauphin for the recovery of one year's rent, with interest, for a certain house and lot belonging to the said Elizabeth, and alleged to have been occupied and enjoyed, with her consent, by the said county of Dauphin.

The declaration in the case contained three counts: one upon an alleged lease of the premises for a year *from* April 1, 1842; another for use and occupation for same time; and another for interest accruing upon the rent claimed.

On June 1, 1841, Elizabeth Bridenhart, by her attorney, John Roberts, leased by agreement *under seal,* to David Hummel, William Orth, and Isaac Rutter, commissioners of the county of Dauphin, a house and lot of ground in Harrisburg for one year from April 1, 1841, to hold until April 1, 1842. At this time, June 1, 1841, John Fox, sheriff of said county, was in possession of said premises under a verbal agreement between the said attorney and Henry Peffer, *clerk to said county commissioners.* The object in leasing the property was to provide a dwelling-house for the sheriff and his family. The rent for the year 1841–2 was paid; the clerk to the commissioners' notified the said attorney, prior to the expiration of said lease, that the commissioners did not want the house after April 1, 1842. Fox continued in possession, and this suit was brought to recover from the county rent for said premises *for the year ending April* 1, 1843.

John Roberts, Esq., affirmed:—I rented this property as agent for Mrs. Bridenhart; Mr. Peffer called on me on part of the commissioners; Mr. Fox went in after a verbal and before a written agreement; I did the writing; Peffer afterwards handed it to me signed by them; agreed from the 1st April, with the commissioners; possession was not surrendered on the 1st of April 1842; Mr. Peffer called on me in February or March 1842, said the commissioners would not want the house this year; I said, You are too late, notice should have been sent before 1st January. The commissioners of the county paid the first year's rent in the spring of 1842.

Cross-examined:—Mr. Peffer was clerk for county commissioners in spring of 1841; had the verbal arrangement with him in spring of 1841; I think I had also a talk with the commissioners; Fox went into the possession under the verbal arrangement; he said the commissioners would not rent the house; did not say the commissioners had told him to say so; they neither delivered nor offered to deliver the property to me on the 1st of April; I gave Fox no notice to quit; I had nothing to do with him; nothing passed between us on his going in or going out; I looked to the county alone as my tenant; I demanded the rent of the county, on being informed they would not pay; I demanded it as the quarterly payments fell due; I did not demand,

that I recollect of, after they refused to pay ; may have, before suit brought.

Henry Peffer testified, *inter alia*, that the commissioners agreed to pay the rent till 1st April 1842. It was understood that this payment should not affect the question of liability for the next quarter's rent.

Charge of PEARSON, President J.—The present suit is founded on a lease made by the plaintiff to the commissioners of the county of Dauphin of a house situated in this borough.

The evidence shows that when the old jail was about to be removed and a new one built, the commissioners, under a mistaken idea that they were bound to furnish a residence for the sheriff and his family, leased a house from the plaintiff for one year, commencing on the 1st of April 1841, at a rent of $125, payable quarterly.

In that lease they covenant to give up possession on the 1st of April 1842. Prior to that time, according to the evidence of Mr. Peffer, they instructed him to notify plaintiff's agent that they would not want the premises that year, and received for answer that the notice was too late, it then being some time in the month of January. The tenant of the commissioners, Mr. Fox, continued in possession till the following fall; and it does not appear that even then any restoration of the premises took place.

Under ordinary circumstances, this would amount to a continuation of the former lease for another year at the same rent : when the tenant holds over after the expiration of his term, the law implies a new lease, at the same rent, and on the same conditions.

But it is objected here that the suit cannot be sustained on the old lease. This is true, but as the narr. is lost, we cannot tell for what the party has declared, but take it for granted the special facts are set forth. He might so declare, and the counsel says that he has set forth the lease and its continuance for another year on the same terms, and also has a count for not delivering up the premises according to contract.

The defendant also says that the implied contract to continue another year on the same terms is repelled by the notice that they would not hold longer than till the 1st of April following. Notice to that effect is of no importance whatever against the act of holding over. Had the possession been delivered up on the 1st of April, the plaintiff would have had no claim, whether notice of the intention was served or not; and not being restored, the plaintiff can recover, notwithstanding the notice.

It is also urged that the commissioners transcended their power in leasing the premises at all; that they were not bound to find the sheriff a residence, and their act was void. It is very certain that they were not bound to find a residence for the sheriff, and the county auditors might have charged them with the money paid

[County *v.* Bridenhart.]

out; but that can make no kind of difference to the person contracting with them. The plaintiff was not bound to inquire under what arrangement with the sheriff they had agreed to furnish the house, or even for what purpose it was to be furnished; for aught she would know, they were under contract to do so; nor was she bound to inquire for what purpose her premises were rented. If informed that it was for an illegal purpose, she could not enforce the contract; but barely receiving information that it was for a residence for the sheriff, would not be sufficient, as she had a right to presume the commissioners were acting in the line of their duty, and that the contract was made for some purpose beneficial to the county.

It is also argued that the county is not bound by an implied contract, and this lease being made under the private seal of the commissioners, and not under the county seal is not obligatory, especially as the county has not had the benefit of the possession.

The mere form of the contract with a corporation is not now considered of much importance: they may be sued for torts or on verbal promises made by their accredited officers or agents, or upon implied contracts. The bargain made was binding for the first year as an express contract, and the possession not being delivered up on the 1st of April as agreed, it is binding the second year, as an implied one. If this was a suit *for use and occupation*, it would not be sustained, as the occupancy was not by the county nor for its benefit. If it appeared from the evidence that the plaintiff or her agent knew that the property was rented by the commissioners under a mistake of the law, she could not recover; or if she had notice of the purpose and object for which it was rented, she was bound to know the law, and would have no valid claim; but she was not bound to know the facts or to inquire of the commissioners under what arrangement with the sheriff they were about to rent her house, or whether it was for a purpose beneficial to the county or otherwise. On the whole facts proved, and about which there is no dispute, we are of opinion that the plaintiff is entitled to recover the rent for the year 1842, as claimed, with interest from the time it fell due.

To this charge the defendant excepted.

Verdict for plaintiff.

Error was assigned on part of the county to what the court said in reply to a point on part of defendants, as to the commissioners transcending their powers in taking a lease of the premises in question; and also to the charge.

*Berryhill*, for Commissioners.—The power of a county to take and hold real estate depends upon the 3d section of the act of April 15, 1834, entitled " An act relating to counties and townships,"

2 o 2

&c., sec. 3.   The several counties and townships in this State shall have capacity as bodies corporate "to take and hold real estate within their respective limits, and also personal property : *Provided*, that such real and personal estate shall be taken and held only for the benefit of the inhabitants of the respective county or township, and for such objects and purposes, and none other, as county or township rates and levies are now or hereafter may be authorized by law to be laid and collected, and for such other objects and purposes as may hereafter be expressly authorized by law."

It is contended by plaintiff in error that the commissioners had no legal authority to bind the county by the contract into which they entered; that their right to hold lands is a special one, given for specified purposes, and that whenever they go beyond these, their act is not binding upon the county.   It may be obligatory against them in their individual capacity, but it cannot be enforced against a corporation, when the policy of the law and its strict letter prevent the corporation from becoming a party to the contract: 16 *Ser. & R.* 286; Cooper & Grove *v.* Lampeter, 8 *Watts* 125.

The county was not bound to provide a residence for the sheriff and his family, and not being bound, an agreement for this purpose obtains no validity from the consent of the commissioners.

The contracting parties were bound to know the law, and the extent of their legal power: 16 *Ser. & R.* 286, Vankirk *v.* Clark. Mr. Roberts, the agent of plaintiff, knew the object of the lease, and his principal is affected by his knowledge.

2d. The court erred in charging that "*the bargain made was binding for the first year as an express contract; and the possession not being delivered up on the first of April as agreed, it is binding the second year as an implied one.*"

The renewal of the lease, by holding over, is repelled by the notice and inability of the county to surrender.

4th. The court erred in withdrawing the case from the jury, in charging "*that on the whole facts proved and about which there is no dispute, we are of opinion that the plaintiff is entitled to recover the rent for the year* 1842, *with interest from the time it fell due.*"

*Fisher*, for defendant in error.

The opinion of the court was delivered by

ROGERS, J.—Judgment affirmed, for reasons given by Judge PEARSON.