## John J. Fisher et al. v. Galen C. Hartman et al., Appellants.

*Tenants in common—Purchase of incumbrance by one tenant in common —Sheriff's sale—Injunction.*

One of several tenants in common cannot purchase a mortgage upon the land held in common, and set it up against his co-tenants for the purpose of depriving them of their interest, and a sheriff's sale on such mortgage will be restrained by injunction.

Argued Oct. 30, 1894. Appeal, No. 193, Oct. T., 1894, by defendants, from decree of C. P. No. 1, Allegheny Co.,

March T., 1891, No. 1050, continuing preliminary injunction. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity, filed Feb. 28, 1891, to restrain sheriff's sale.

The bill averred in substance : That Mary Fisher died about August 14, 1889, in Pittsburg, leaving to survive her a husband, John J. Fisher, Sr., and eight children, all plaintiffs in the above bill; that at the time of her death she owned five lots in Pittsburg worth $10,000 or more ; that a paper purporting to be her will was filed and probated, in which she devised three of said lots to her son John and daughter Elizabeth, being lots Nos. 111, 112 and 113, with buildings ; and to her husband John Fisher, Sr., she devised the remaining two lots, being Nos. 109 and 110 ; to her son Charles and daughters Lena, Carrie, Mary, Anna and Ida she gave $5:00 each.   All the rest of her estate, real, personal or mixed, she devised to her son John ; that her husband refused to take under said will, and the children, Charles, Elizabeth, Carrie, Lena, Mary, Anna, Ida, contested the will, and a jury trial was certified at No. 214 March Term, 1891, and was still undetermined ; that on Dec. 5, 1890, the interest of John J. Fisher, Jr., in said property was sold by the sheriff to S. H. McKee, and S. H. McKee holds the same for himself and Galen C. Hartman in equal proportions ; that immediately after the purchase by McKee he and Hartman purchased two mortgages on said lots from one Louis Cella, Jr., each for $475, both of which were given by Mary Fisher and John Fisher, Sr., in the lifetime of Mary Fisher ; that the said Hartman and McKee, by their purchase of the interest of John J. Fisher, Jr., had a joint or common interest in said five lots with plaintiffs in the bill, and the said Hartman and McKee, having purchased incumbrances, set up the same against the rest of those having a joint interest by issuing lev. fas. on said mortgages, and having said properties advertised for sale ; that said Hartman and McKee had been tendered the amount of said mortgages, interest and costs, with a request to assign the same for the purpose of protecting the rights of all concerned, but they refused to sell said mortgages.   Plaintiffs ask that said Hartman and McKee be restrained from selling the interest of complainants until the share of each be ascertained, and that a

preliminary injunction be granted, to be made perpetual on a final hearing, restraining them from selling or disposing of the interest of the complainants at sheriff's sale or otherwise.

On March 4, 1891, the court granted the injunction prayed for, restraining defendants from disposing of said five lots until the share or proportion of each joint tenant was made known, plaintiffs to give bond in $200 and to pay all interest accrued on said mortgages and to accrue as the same comes due.

Defendants, Galen C. Hartman and S. H. McKee, filed their answer in which they admitted Mary Fisher's death, leaving a husband and eight children. They denied that Elizabeth was a minor, and alleged that she was then, in May 23, 1893, of full age. They admitted Mary Fisher, deceased, left five lots as alleged, but denied that the value was $10,000, alleging it was worth $8,000. They admitted that a will was filed, as alleged, leaving three lots to John and Elizabeth, and two to her husband and $5 to her other children, and that the husband refused to take under the will; also, that the children contested the will, but they denied that the same remained undetermined, and alleged that the will of Mary Fisher, deceased, was sustained April 26, 1892. They admitted the purchase by S. H. McKee of the interest of John J. Fisher, Jr., at sheriff's sale, and denied that it was made for S. H. McKee and Galen C. Hartman in equal proportions, and alleged that the purchase by McKee was made without the knowledge of Galen C. Hartman, and that afterwards on Dec. 6, 1891, Hartman and McKee entered into an agreement to divide the expenses and profits of the purchase of John J. Fisher's interest by McKee and the purchase of the mortgages by Hartman, keeping the two interests separate. They admitted the purchase of the mortgages by Galen C. Hartman, but denied that he obtained them by false representations, and alleged that Louis Cella, Jr., the holder of them, was glad to sell them, as they were long in default in interest. They denied they had a joint interest in the lots, as alleged, and admitted that S. H. McKee had an interest in the lots when the bill was filed. They alleged that by deed dated May 20, 1892, recorded in Deed Book, vol. 801, page 353, S. H. McKee sold and conveyed his interest in said property back to John J. Fisher, Jr., whose interest he had purchased at sheriff's sale, and received to himself and Galen

C. Hartman a mortgage on the same for $2,450.   They denied that they had a joint or common interest in said lots when said answer was filed, or any title whatever in the same except said mortgage.   They denied they purchased an outstanding title to set it up against the rest of those having a joint interest, and alleged that Hartman wished to collect said mortgages to get what was justly due him.   They denied that any of complainants had any interest in the property except John J. Fisher, Sr., and Elizabeth, who was now of full legal age. They admitted that a tender of the amount of the mortgages was made to Hartman with a request to assign the same, and alleged that Hartman refused to transfer them because he believed the assignee wished to get control of the writs and mortgages for the purpose of depriving said S. H. McKee of his rights in said property, and that complainants had no right to request an assignment.

On June 19, 1893, after answer filed, a motion to dissolve the preliminary injunction was argued and afterwards the fofowing opinion was filed and the injunction continued in accordance therewith :

" The answer alleges that the will of Mary Fisher was sustained at No. 214 March Term, 1891, and is valid.   We must accept this as true.   The defendants are both interested in the property, whether equally or not is immaterial to this case. Any change made since bill filed is also immaterial here."

After reciting above facts, the court continued :

" Now defendants, having become the owners of the mortgages given by Mary Fisher and husband in her lifetime, refuse to receive the payment thereof, and seek to sell the property at sheriff's sale, thus divesting not only the life estate and lien of the legacies, but also the interest of Elizabeth in said lots. Will equity allow this to be done ?

" Defendants, when they purchased the interest of John Fisher, Jr., were vested with his rights under the will, but nothing more, and then stood exactly in the position to the other heirs that John,.Jr., did before the sale.   The mortgages given by their mother were an incumbrance upon his interest as well as upon the other devisees, and if he had paid and obtained an assignment of them equity would not allow him to use it to the prejudice of his co-devisees, but would compel him to account

for his proper share of those mortgages and compel their satisfaction upon the payment to him of the amount which would be equitable and just in proportion to their interest in the lots.

" This can only be satisfactorily done by appointing a master to value the interest of the several legatees and devisees in the estate of Mary Fisher, deceased, to wit: what the amount each is entitled to under the will as affected by the life estate of John, Sr. (that is, subject to his life estate), is worth, or should be fixed at, thus ascertaining the proportionate share of John, Jr., and thus requiring those who hold by this title (the defendants) to give credit on the mortgage for that amount, and to allow the satisfaction of the mortgages on the payment of the residue by the other heirs.

" In this way the defendants would pay their share of the common incumbrance just as John, Jr., whom they represent, would have had to do to relieve his lots from the lien of the mortgages, and standing in his shoes get his personal interest in the lots devised to him."

*Error assigned* was decree, continuing injunction.

*Galen C. Hartman,* for appellants, cited: 1 Dan. Ch., 5th ed. 780 ; Stamps v. R. R., 2 Phillips, 673 ; Southall v. Soc., 38 L. J. 711 ; Assn. v. Buzby, 20 Atl. R. 214; Benjamin v. Zell, 100 Pa. 33 ; Everhart's Ap., 106 Pa. 349; Richards v. Ayres, 1 W. & S. 485 ; Penington v. Coats, 6 Whart. 282; Dougherty v. Jack, 5 Watts, 456 ; Cox v. Ledward, 124 Pa. 435 ; Lipton v. Plank Road Co., 17 Leg. Int. 365 ; Randolph's Ap., 66 Pa. 178 ; Barker v. Flood, 103 Mass. 474; White v. Schlect, 9 W. N. 77.

*Arch. H. Rowand, Jr.,* for appellees, not heard, cited, Weaver v. Wible, 25 Pa. 270.

PER CURIAM, Nov. 12, 1894 :

For various reasons which are manifest upon reading the pleadings and opinion of the court below in this case we concur entirely in the order continuing the preliminary injunction and decline to interfere therewith.

Decree affirmed.