# Theodore R. Graham, Appellant, v. John A. Dempsey.

*Landlord and tenant—Termination of lease—Notice.*

A tenant cannot escape liability for the rent of another term by giving notice that he is going out at the end of his year, and then not going.

Argued March 28, 1895.   Appeal, No. 126, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1892, No. 981, for defendant, on case stated.   Before STER-RETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Case stated to determine whether rent was due by defendant to plaintiff for premises 1830 North 22d street, Philadelphia.

The case stated set forth the fifth clause of the lease between the parties, which was as follows:

" V. That either party hereto may determine this lease at the end of said term by giving the other notice thereof in writing at least three months prior thereto, but in default of such notice this lease shall continue upon the same terms and conditions as are herein contained for a further period of one year, and thereafter from year to year, unless or until terminated by either party hereto, giving to the other three months' notice, in writing, for removal previous to the expiration of the then current term.   Provided, however, That if the lessors shall have given three months' notice, in writing, previous to the expiration of said term, or any extension or renewal thereof as above, of an intention to change the terms and conditions of this lease, and the lessee shall hold over after such notice, he shall be considered lessee under this lease, for such further period, and under the terms and conditions mentioned in such notice, and until this lease is terminated by notice, as hereinbefore provided."

The case stated continued as follows:

" That on Feb. 6, 1892, the said defendant sent the following notice to said Savidge & Smith, the agents of said plaintiff, to wit:

" ' PHILADELPHIA, Feb. 6, 1892.

" ' MESSRS. SAVIDGE & SMITH,

" ' Dear Sir: At the expiration of my lease of property 1830

N. 21st., Phila., I desire to vacate the same. If the improvements now going on prove satisfactory I may sign a new lease.

"'Yours truly,

"'J. A. DEMPSEY.'

"That the then current term expired on the 15th day of May, 1892.

"That said defendant did not vacate said premises at the expiration of his then current term, but continued in possession until the 15th day of July, 1892, when he vacated said premises.

"That said defendant paid his rent in full to July 15, 1892. That said plaintiff did not succeed in rerenting said premises until Dec. 1, 1892, and during the interval between July 15, and Dec. 1, 1892, a period of four and one half months, the said premises remained vacant, and no rent was received by said plaintiff therefrom during said period.

"That plaintiff claims to recover the sum of one hundred and fifty-four dollars and ninety-one cents ($154.91), with interest from Nov. 1, 1892, as follows:

Rent of said premises from July 15, to Dec, 1,
   1892, four and one-half months, at $30,00 per
   month. . . . . . . . . $135.00
Bill for repairs to washstand . . . 14.50
Gas bill left unpaid by defendant . . . 5.41

"If the court be of the opinion that the plaintiff is legally entitled to recover from the defendant the rent of said premises for the said period of four and one half months, during which term said premises remained idle, then judgment to be entered in favor of plaintiff for the whole of said sum of one hundred and fifty-four dollars and ninety-one cents ($154.91), with interest from Nov. 1, 1892; if, however, the court be not of the opinion that plaintiff is entitled to recover the rent for said period, then judgment to be entered in favor of said plaintiff for the amount of said gas bill only, to wit, the sum of five dollars and forty-one cents ($5.41), with interest from Nov. 1, 1892."

The court entered judgment for plaintiff for $5.41. Plaintiff appealed.

*Error assigned* was entry of judgment as above.

*Joseph Savidge*, for appellant.—The relation between landlord and tenant is reciprocal, so that if the landlord is bound for the year the tenant must also be bound for the same period : Logan v. Herron, 8 S. & R. 459 ; Phœnixville Borough v. Walters, 147 Pa. 501.

When a tenant holds over and continues in possession after the expiration of the term he becomes a tenant for another year under the same terms and conditions as in the original lease. And the law implies an agreement to continue the lease for another year upon the same terms and conditions ; and the relation of landlord and tenant is continued as it formerly existed and subjects the tenant to all the covenants contained in the original lease : Phillips v. Monges, 4 Wharton, 226 ; Hamphill v. Flynn, 2 Pa. 144 ; Hollis v. Burns, 100 Pa. 206 ; Laguerenne v. Daugherty, 35 Pa. 45 ; Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151 ; Sugar Mfg. Co. v. Sayer, 75 Ala. 270 ; Breuckman v. Twibill, 89 Pa. 58 ; Auer v. Penn, 99 Pa. 370.

Although the defendant may have given proper notice prior to the termination of his lease of his intention to vacate, if, however, he remained in possession after the expiration of the term, he became a tenant for another year, under the terms and conditions as set forth in the original lease : McBrier v. Marshall, 126 Pa. 390 ; Schuyler v. Smith, 51 N. Y. 309 ; Conway v. Starkweather, 1 Denio (N. Y.), 113 ; Wirt v. Mayor of New York, 5 Robertson (N. Y.), 248 ; Dark v. Castle, 19 How. 29.

No argument was offered or paper-book filed for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 18, 1895 :

A tenant cannot escape liability for the rent of another term by giving notice that he is going out at the end of his year, and then not going. That actions speak louder than words is sound law as well as proverbial wisdom.

Judgment reversed and judgment ordered to be entered for plaintiff for the full amount of his claim with interest.