James B. Enyard *v.* Catharine E. Enyard in her own right and as guardian ad litem of Lillie Enyard and Charles Enyard, Appellant.

*Dower—Estate in land.*

The statutory dower of a widow is not a lien upon the land but is an interest in it; an estate given by the intestate laws.

*Tenants in common—Dower estate—Acquisition of adverse title.*

Where one of two tenants in common dies and his widow immediately after his death buys the property at a sheriff's sale had under proceedings to collect arrears of ground rent, she cannot set up the title thus acquired to the exclusion of the other tenant in common. Her dower interest in the land gives her such an estate as will bring her within the general rule that where one is interested with another in an estate an implied obligation arises to sustain the common interest.

Argued Jan. 5, 1899. Appeal, No. 124, Jan. Term, 1898, by defendant, from judgment of C. P. No. 4, Phila. County, March T., 1897, No. 118, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for land in Philadelphia county.

At the trial it appeared that Albert Enyard, Edward Enyard and William Enyard owned the land in controversy as tenants in common. William died on April 2, 1897. Two days after his death his widow purchased the land at a sheriff's sale had under proceedings to collect arrears of ground rent. Plaintiff was a son of Albert Enyard.

Defendant offered to prove that there was an arrangement entered into between Catharine E. Enyard of the one part and Albert, Edward and William and their father that she should board them for the rent of the property, they to pay the ground rent, taxes and repairs; that she paid Albert's share of these items; that they are indebted to her in a large sum of money; that she paid off a mortgage of $500, paid for a bulk window $500, paid taxes, interest and water rent, and that upon an account taken between the parties there would be shown to be due her and to her husband through the children claiming a much larger sum than could possibly be the value of that part

which would be coming to this man, even if he was entitled to a verdict here.

This was objected by plaintiff.

By the Court: Objection sustained and bill sealed for defendant. [1]

The court gave binding instructions for plaintiff reserving the question as to the effect of the sheriff's deed.

Verdict for plaintiff upon which judgment was subsequently entered.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2) in not entering judgment for defendant non obstante veredicto.

*DeForrest Ballou*, for appellant.—Dower is a statutory lien: Medlar v. Aulenbach, 2 P. & W. 355; Hise v. Geiger, 7 W. & S. 273; Painter v. Henderson, 7 Pa. 48; Shaupe v. Shaupe, 12 S. & R. 9; Thomas v. Simpson, 3 Pa. 60; Miller v. Leidig, 3 W. & S. 456; Kurtz's App., 26 Pa. 465.

When a widow remains in possession after an abortive proceeding for a partition, the collateral heirs cannot maintain ejectment against her. They must proceed in the orphans' court: Seider v. Seider, 5 Whar. 208.

Under the question raised by the first assignment of error, there was error in not allowing the defendant to show the several amounts she had paid for repairs to the property, the payment of a mortgage, taxes and charges on said premises with her own funds, for the purpose of asking for a conditional verdict to reimburse her for such payments: Paull v. Eldred, 29 Pa. 415; Donovan v. Driscoll, 93 Pa. 509; Luck v. Luck, 113 Pa. 256.

Where a tenant in common makes expenditures to relieve the common property from an incumbrance, he is entitled to contribution from the cotenants, and may enforce his right by subrogation: Haverford L. & B. Assn. v. Fire Assn., 180 Pa. 522; Devlin's Est., 5 Dist. Rep. 125.

*Charles Frances Gummey, Jr.*, for appellee.—Under our intestate laws, a widow's statutory dower is an interest in the land, not merely a lien: McGowan v. Bailey, 179 Pa. 470; Diefenderfer v. Eshleman, 113 Pa. 305.

If Catharine Enyard and her children are tenants in common, she must also be a tenant in common with her husband's nephew, the appellee; and that a purchase of the common property by one of the tenants in common inures to the benefit of all the tenants in common needs no further argument than a reference to the case of Tanney v. Tanney, 159 Pa. 277.

OPINION BY MR. JUSTICE FELL, February 27, 1899:

The plaintiff and his uncle, William Enyard, owned by descent the real estate in question. William Enyard died in April, 1897, and two days after his death his widow, Catharine Enyard, purchased the property at sheriff's sale had under proceedings to collect arrears of ground rent. The adverse title thus acquired she sets up to defeat the plaintiff in ejectment. It is conceded that where one is interested with another in an estate an implied obligation arises to sustain the common interest, and that he cannot acquire and set up an adverse title to deprive the other of his interest, but it is claimed that the dower interest of the widow is not such an interest as to prevent her from setting up the title she acquired at sheriff's sale. The general rule is stated in notes to Keech v. Sanford, 1 Lead. Cases in Eq. 62, to be: "Whenever one person is placed in such relation to another, by the act or consent of that other, or the act of a third person, or of the law, that he becomes interested for him, or interested with him, in any subject of property or business, he is prohibited from acquiring rights in that subject antagonistic to the person with whose interests he has become associated. If one comes into an interest by the permission of another, or accepts an interest with another by the act of a third person, or of the law, as in the case of tenants in common under the same will or descent, an implied obligation arises to sustain the common interest into which he has been admitted; and equity vindicates it in the form of a trust."

The statutory dower of a widow is not treated as a lien upon land, but as an interest in it. It is an estate given by the intestate laws: Schall's Appeal, 40 Pa. 170; Helfrich v. Weaver, 61 Pa. 385. In the opinion in McGowan v. Bailey, 179 Pa. 470, it was said by our Brother DEAN that the widow's interest in real estate of which her husband died seized, of which there has been neither appraisement nor partition, is a freehold

estate in the land. In Kunselman v. Stine, 183 Pa. 1, it was held that the widow's interest in the real estate of her husband is such an estate as can be sold only by a writ of venditioni exponas in the manner provided by the act of January 24, 1849. In Weaver v. Wible, 25 Pa. 270, a widow who came into possession of land through her husband, and who had a possible dower interest, was denied the right to acquire title to the land to the prejudice of his heirs and creditors. The defendant in this case, while having a dower interest only, came within the general rule, and being jointly interested with the plaintiff in the land she could not acquire a title to his exclusion.

The verdict and judgment thereon establish only the plaintiff's title. Any right the defendant may have to contribution for payments properly made for the benefit of the joint estate can be adjusted in other proceedings.

The judgment is affirmed.