# Snyder *v.* Camp, Appellant.

*Easement—Right of way—Obstruction—Decedents' estates—Right of wife to sue.*

Where a husband has died intestate leaving a wife and children, and the widow of the intestate continues in possession with her children of the decedent's farm, without partition, she may sue in trespass in her own name one who has wrongfully obstructed a right of way appurtenant to the farm.

Argued Dec. 5, 1912. Appeal, No. 163, Oct. T., 1912, by defendant, from judgment of C. P. Lehigh Co., Jan. T., 1912, No. 19, on verdict for plaintiff in case of Catherine Snyder v. Andrew Camp. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass for obstructing a right of way. Before TREXLER, P. J.

At the trial it appeared that plaintiff was the widow of John Saylor, who died intestate, eighteen years before the action was brought, leaving to survive him the plaintiff, his widow, and several children. The plaintiff continued in possession with her children of the farm and operated it without objection by her children, and without partition. The evidence tended to show that the right of way obstructed was through a woodland, which the defendant claimed was uninclosed. The court submitted the case to the jury.

Verdict and judgment for plaintiff for $100. Defendant appealed.

*Errors assigned* were (2) The court erred in sustaining the judgment in favor of the plaintiff because under her right of dower, she did not have sufficient right of possession to maintain an action of trespass for the disturbance of a prescriptive right of way.

(3) The court erred in sustaining judgment in favor of

the plaintiff, because the tract of woodland was not inclosed woodland, as contemplated under the Act of April 25, 1850, P. L. 569, sec. 21.

*Allen W. Hagenbach,* with him *Claude T. Reno,* for appellant.

*Fred B. Gernerd,* for appellee.

OPINION BY ORLADY, J., April 21, 1913:

A verdict of $100 was recovered by the plaintiff in this action of trespass as damages for interfering with and obstructing a right of way connecting outlying fields with the mansion house, barn, and buildings on another portion of the farm, all being in the possession of the plaintiff. Upon the death of her husband, the plaintiff continued with their children to reside on and operate the farm, of which her husband had died seized in fee and intestate. No objection was taken in the court below as to the plaintiff's right to sue as tenant in possession, and as said in McGowan v. Bailey, 179 Pa. 470, "It is not worth while to discuss the precise nature of the widow's interest in this farm, of which her husband died seized, and of which there had been neither appraisement nor partition, and give to it a name capable of strict legal definition. The Act of April 8, 1833, P. L. 315, declares: 'Where such intestate shall leave a widow and issue, the widow shall be entitled to one-third part of the real estate for the term of her life. While it remains in this situation, no matter what the estate may be called after appraisement or partition, it is a freehold estate in the land, and this she enjoys in common with the children of her husband, whose interest is the remaining two-thirds.'" See also Enyard v. Enyard, 190 Pa. 114.

The existence of the right of way across the piece of woodland was not denied, or that it had been used by the owner of the Snyder farm for many years. There was ample evidence to show that the obstruction placed on

the road by the defendant seriously interfered with the removal of certain crops, and it was clearly shown that the plaintiff, by making a slight detour, could have gotten off the crops without serious loss.

The case was zealously tried by able counsel and the verdict, while apparently large, was not such as to warrant a reversal for that reason, and the court below declined to grant a new trial.

The whole question was one of fact and was fairly submitted to the jury. The assignments of error are overruled and the judgment is affirmed.