Peterson et al. *v.* McNeely, Appellant.

Argued December 17, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. B. Colahan,* with him *James Herbert Egan,* for appellant.

*Russell J. Brownback,* with him *Roger B. Reynolds,* for appellee.

OPINION BY PARKER, J., January 29, 1937:

The question involved on this appeal is whether one tenant in common, who takes possession of the common property under a written lease from his cotenants for a fixed term and before the end of the term gives written notice to his lessors that after the conclusion of the term he will not occupy the premises under the lease but as a tenant in common and remains on the premises, thereby renews the lease.

A brother and three sisters were the owners as tenants in common of a valuable residence property in Merion, Montgomery County. The brother and two sisters, by writing, leased their three-fourths interest in the premises to their sister, Jane P. McNeely, the defendant, for the term of one year beginning November 1, 1929, for which the lessee agreed to pay as rental $3,000 per year in quarterly instalments and the taxes assessed against the property and to keep the premises in repair. The lessee continued to occupy the premises from year to year for some time. In 1931, one of the sisters, a lessor, died and willed her share in the property to her son, Edwin Vernon Dougherty, and her daughter, Eleanor D. D. McCullough. As

a result the nephew and niece each became owners as tenants in common of one-eighth of the property and each of these two became entitled to one-sixth of the rental stipulated in the lease. Rentals were paid until November 1, 1932. Mrs. McNeely continued to occupy the premises after that date and until after November, 1934. On March 22, 1935, Mrs. McCullough brought this action on behalf of all the lessors to recover $9,000 or three years' rental with interest.

It is well settled that one lessor has a right to institute an action in the names of all the lessors: *Marys v. Anderson,* 24 Pa. 272, 276; *Swint v. McCalmont Oil Co.,* 184 Pa. 202, 206, 38 A. 1021; *Magee v. Morton B. & L. Assn.,* 103 Pa. Superior Ct. 331, 158 A. 647; *Eichelberger v. Eichelberger,* 4 Clark 73. Shortly after suit was instituted, all of the plaintiffs, with the exception of Mrs. McCullough, filed a disclaimer of record, thus leaving for adjudication only the claim of Mrs. McCullough for one-sixth of the rental. There is no doubt that each owner had the right to waive his right to so much of the rent as represented his portion of it: *Bernstein v. Colletris,* 99 Pa. Superior Ct. 484, 489. Mrs. McNeely, the defendant, alleged in her answer that she had terminated the lease by written notice to Mrs. McCullough as well as notice to the other owners and that she thereafter occupied the premises as a tenant in common and not as lessee. At the conclusion of the trial, the judge directed a verdict for the plaintiffs for the entire rental claimed. Later, on consideration of motions for a new trial and for judgment n.o.v., the motions were refused but it was directed that the judgment should be subject to "the limitation that execution may be issued for only one-sixth of such judgment, with interest, the proceeds of such execution to be paid to the plaintiff Eleanor D. D. McCullough, and, upon satisfaction of such execution, the judgment to be marked satisfied in full."

The learned judge of the court below states the proposition involved as follows: "Did the letters of the defendant to Mrs. McCullough and the other lessors, stating that after November, 1932, she would no longer occupy the premises as a lessee under the lease but as a cotenant, change the occupancy of the premises by the defendant from that of a tenant under the lease to the occupancy of a tenant in common?" There are further facts with relation to the termination of the lease, none of which is in dispute, that have a bearing on that question.

The lease provided that if the lessee should continue in possession of the premises after the expiration of the term, the agreement should "become immediately operative for another like term." The general rule is well settled that when a lessee holds over, a new lease is implied on the same terms and conditions as the old lease: *County v. Bridenhart,* 16 Pa. 458, 460. Consequently, this provision for renewal of the lease was but declaratory of the law. ' Prior to November 1, 1932, the lessee, Mrs. McNeely, advised Mrs. McCullough in writing that she would not thereafter'continue the then existing contract for the payment of rent. A similar notice was given to the other lessors. This resulted in negotiations among all the owners looking to an arrangement for the occupancy of the premises until they could be sold. Advertisements offering the property for sale were placed on the property and a written agreement was prepared and signed by all the owners with the exception of Mrs. McCullough providing for the occupancy of the premises by the defendant, until a purchaser could be found, in consideration of the payment of the taxes and upkeep of the property. Mrs. McCullough having refused to execute the contract it was abandoned, but Mrs. McNeely continued in the premises as a tenant in common with the approval of all the owners except Mrs. McCullough.

The written notice and the negotiations between the parties furnish the basis for an inescapable inference that all the owners, including Mrs. McCullough, understood that Mrs. McNeely was claiming to occupy the premises after November 1, 1932, not as a tenant under the lease but by virtue of her rights and duties as tenant in common.

The court below in entering the judgment and the appellee in her argument relied largely on the case of *Graham v. Dempsey,* 169 Pa. 460, 32 A. 408. The opinion in that case covers a few lines and is as follows: "A tenant cannot escape liability for the rent of another term by giving notice that he is going out at the end of his year, and then not going. That actions speak louder than words is sound law as well as proverbial wisdom." In our opinion that case is not decisive of the question here presented for no question of cotenants was involved. In addition, the lessee here did not say she was going out at the end of the year and then not go. What she said was with relation to a situation quite different. Being the owner as tenant in common of the undivided one-fourth of the premises, she advised her cotenants that at the termination of the lease she would occupy the premises not as a lessee but as a cotenant. Instead of advising that she would leave and then not leaving, her advice was that she would, after November 1, 1932, occupy the premises in a different capacity than she formerly had.

Now it must be conceded that even when the lease was in force Mrs. McNeely occupied three-fourths of the premises as a tenant of her co-owners and the remaining one-fourth as an owner. Each tenant in common is entitled to the use, benefit and possession of the property and may exercise acts of ownership in regard thereto, subject to the limitation that he is bound so to exercise his rights in the property as not to interfere with the rights of his cotenants: 62 C. J.

60

421. Each tenant has an equal right to the possession of the whole (*Kline v. Jacobs*, 68 Pa. 57, 58) but not to the exclusion of his cotenants. Now there is not a suggestion in the record that Mrs. McCullough was denied the same right to the property after November 1, 1932, as Mrs. McNeely exercised. The possession of one tenant is presumed to be for the benefit of all and the occupancy of these premises by the defendant after November 1, 1932, was for the benefit of all the owners.

"It is conceded that where one is interested with another in an estate an implied obligation arises to sustain the common interest": *Enyard v. Enyard*, 190 Pa. 114, 116, 42 A. 526. When Mrs. 'McNeely gave notice that she would not continue to occupy the premises under the written lease by which she paid a rental, the parties found themselves possessed of a valuable property for which they had not been able to find a purchaser at a satisfactory price. Due to the depression, of which we may take judicial notice, purchasers and tenants were scarce. We may also assume that it was desirable that the premises be occupied and cared for. It was therefore entirely consistent with the mutual obligations of the cotenants that one of the tenants should be upon the property for the purpose of looking after and protecting it. This is peculiarly so in view of the fact that the termination of the old lease and the continued occupancy of the premises by Mrs. McNeely were with the approval of the owners of an undivided seven-eighths of the property and that Mrs. McCullough was never excluded from exercising a similar control of the property.

But the appellee suggests that Mrs. McNeely could only exercise her right to protect her interest in the property and that of her cotenants by moving out for a few hours and then moving back. The law does not require the doing of vain and fruitless things. Not

only so, but the reason which prompts the rule requiring a tenant to surrender leased premises under penalty of an automatic renewal is not applicable in a situation such as that with which we are concerned. Here, there was no denial of title and, as was the duty of the defendant, she occupied the premises not only on her own behalf but on behalf of all her cotenants. Consequently, a written notice of the termination of the relationship of landlord and tenant fully protected the rights of the cotenants and, in fact, was more consistent with their mutual duties and obligations than if she had gone through the vain formality of moving her goods from the premises for a few hours and then returning.

Another case upon which the court below relied is that of *Clayton v. McCay,* 143 Pa. 225, 22 A. 754. That case is readily distinguishable from the case we are considering and in fact illustrates the legal principles which we have stated. There, one of several heirs, all tenants in common, became the lessee of the others and took possession of the common property. The tenant at the end of the term denied further responsibility for the prescribed rental, but he had sublet a portion of the property to a third party who remained in exclusive possession of a part of the premises. This was a clear case of an occupation of the common property to the exclusion of the lessee's cotenants and the case is therefore not applicable to the present situation.

We therefore hold that where one of several cotenants takes possession of the common property under a written lease from the remaining cotenants and the lessee, prior to the expiration of the term of the lease, gives written notice to his lessors that at the end thereof he will not continue to occupy the premises as a tenant of theirs but only as a tenant in common, the lessee does not, by remaining in the premises after the term, create an implied renewal of the lease pro-

vided his cotenants are not excluded. The court below erred in directing a verdict for the plaintiff. The basic facts having been established by the admissions of the plaintiff, Mrs. McCullough, judgment must be entered for the defendant. If Mrs. McCullough has any claim against her aunt, it is not by virtue of the written lease.

Judgment reversed and here entered for the defendant.