## VanBreman v. Love et al.

*F. C. Newcomer*, for plaintiff.

*T. A. Waggoner, Jr.*, for defendants.

CARR, J., May 15, 1945.—This petition to set aside a sheriff's sale of real estate involves questions of the right of one of a number of tenants in common to acquire adversely the interests of the others by means of the purchase and foreclosure of an outstanding lien upon the common property.

### Findings of fact

1. Luke Shaw, father of all parties to the proceeding here in question, died intestate on February 26, 1944, owning in fee a house and lot of land in South Union Township, Fayette County, known as 35 Martha Street, and leaving to survive him as his only heirs-at-law seven children: Jennie Goughnour, Dora Love, Ada Definio, William Shaw, Moses Shaw, Kathryn Bittner, and Luke C. Shaw, to whom the property descended, subject to a mortgage thereon in the principal amount of $500 made by decedent on March 5, 1918, to Howard Van Bremen, mortgagee.

2. On March 2, 1944, Jennie Goughnour purchased the mortgage aforesaid and procured an assignment thereof to herself; and on August 23, 1944, at 365, June term, 1944, in the court of common pleas of this county she caused a writ of scire facias to be issued thereon against Dora Love, Ada Definio, William Shaw, Moses Shaw, and Kathryn Bittner, as owners of five sevenths of the property, in which action she recovered against them on September 12, 1944, a judgment by default for

$357.14, with interest from March 2, 1944, and an attorney's commission of $25. Thereafter, on August 25, 1944, she caused a writ of levari facias to be issued on said judgment to 25, September term, 1944, E. D., by virtue whereof the five-sevenths interest of defendants in said property was exposed by the sheriff and sold to her on December 2, 1944, for $96.60, the amount of the costs.

3. On December 2, 1944, the fair market value of said property in its entirety was at least $1,500.

4. Said mortgage was purchased and foreclosed by said Jennie Goughnour solely for the purpose of depriving her said sisters and brothers of their interests in the mortgaged premises.

## Discussion

Persons who have by inheritance a common interest in an estate must deal candidly and benevolently with each other. Their community of interests entails a duty on the part of each to protect the common title. Hence, one may not purchase an outstanding encumbrance and set it up against the rest for the purpose of depriving them of their interests: Weaver v. Wible, 25 Pa. 270; Tanney et al. v. Tanney, 159 Pa. 277; Fisher et al. v. Hartman et al., 165 Pa. 16; Enyard v. Enyard, etc., 190 Pa. 114.

The conduct of Mrs. Goughnour was in all respects obviously hostile to her co-tenants. There is no evidence whatever that she acted to save the estate from embarrassment or that after obtaining control of the mortgage she ever requested her brothers and sisters to contribute to its payment. It was shown that on the morning of the sheriff's sale she knew that some of them were on their way to the courthouse with funds sufficient to pay her judgment in full, and that the sale was hastily concluded a few minutes before their arrival. It is apparent that it was not payment she sought, but the property itself, and this we cannot under the cir-

cumstances permit her to have. The utmost to which she is entitled is contribution by the others in proportion to their interests, which right, being purely equitable in its nature, must be enforced, if enforcement should become necessary, in accordance with equitable principles.

Mrs. Goughnour attempts to justify her acqu'sition of the interests of her co-tenants at the hands of the sheriff for a nominal consideration by saying that she and her husband had occupied the property for several years before her father's death, during which time they had kept it in repair, paid the taxes, insurance, and interest, and added several hundred dollars worth of improvements; yet she admits that she had an understanding with her father that she and her husband would make necessary repairs and pay the taxes, insurance, and mortgage interest in lieu of rent. If, then, they added any actual improvements to the property, such expenditures were entirely voluntary.

*Conclusions of law*

1. The purchase and foreclosure by plaintiff of the mortgage in suit constituted a fraud upon defendants.

2. The purchase price paid by plaintiff for the mortgaged premises was grossly inadequate.

3. Defendants are entitled to have the sheriff's sale set aside.

*Order*

And now, May 15, 1945, upon consideration of the foregoing case, it is ordered, adjudged, and decreed, nisi, as follows:

1. The rule heretofore issued to show cause why the sheriff's sale on December 2, 1944, of the property taken in execution by virtue of the writ of levari facias to this number and term is made absolute, and the said sale is set aside.

2. The costs of the execution and of this proceeding shall be paid by Jennie Goughnour, execution creditor.

362

The prothonotary is directed to give notice of this order to the parties or their counsel, and the same shall become final and be so entered unless exceptions are filed within 10 days.