**TOLIVALE of Fagatogo, Plaintiff**

v.

**UFANUA of Fagatogo, Defendant**

No. 1-1956

High Court of American Samoa

Civil Jurisdiction, Trial Division

January 18, 1956

ARTHUR A. MORROW, *Chief Judge;* APE, *Associate Judge;* and LETULIGASENOA, *Associate Judge.*

OPINION AND ORDER

Heard at Fagatogo on January 6, 1956 before MORROW, *Chief Judge, and Associate Judges* APE and LETULI-GASENOA

S. Lutu, counsel for Tolivale.

Ufanua *pro se.*

OPINION OF THE COURT

MORROW, *Chief Judge.*

Tolivale filed her petition seeking eviction of Ufanua from the land Matapuna in Fagatogo. Tolivale occupies a

house on this land while Ufanua, together with her own 5 children and 2 stepchildren, occupy another house on it. James Bird and his family occupy a third house also on it.

Plaintiff Tolivale, a Samoan woman, is the widow of George Bird, an American sailor, who has been dead for many years. Tolivale and George Bird had four children, viz: George, Jr., James, Willie and Lizzie, all of whom survived their father and are still living. Lizzie, the youngest, is now about 30 years old.

The son George, Jr. married the defendant Ufanua by whom he had 5 children. He had two children by a former marriage. George, Jr., who was an electrician, was accidentally electrocuted in Utulei on January 6, 1955.

By deed executed on June 22, 1908 and recorded in Vol. 1 of Native Titles, p. 105, Fanene Pi conveyed the land hereinbefore referred to (and from which Tolivale seeks to evict Ufanua) to Tolivale "IN TRUST, HOWEVER, for the use and benefit, maintenance, education and support of the issue of the marriage of said Tolivale and the said George Bird, (said issue at the present time consisting of George Bird, Jr. and James Bird) and upon the attainment of the age of twenty-one years by the youngest of said issue, the title in fee simple to the above described lands shall then and thereupon vest in said issue, share and share alike." The "present time" refered to in the deed was of course the date of its execution which was June 22, 1908.

Under the terms of the deed Tolivale was a trustee. While she had the legal title the beneficial interest was in her issue by George Bird, her husband, until such time as their youngest child should attain the age of 21 years at which time the fee simple title to the land vested in the "said issue, share and share alike." Lizzie, the youngest of the children attained the age of 21 years about 9 years ago. At that time, therefore, the ownership of the land became vested in the four children as co-owners. Each of the four

had an undivided one fourth interest in fee simple. When George Bird, Jr. died (he did not leave a will) his undivided fourth, subject to the dower rights of his widow, the defendant, Ufanua, descended to his 7 children. Sec. 977(a) A.S. Code.

■ ■ One third in value of all the legal or equitable estates in real or personal property possessed by a husband at the time of his death are to be set apart to his surviving widow in fee simple. Sec. 958 A. S. Code. No assignment of dower in George Bird, Jr.'s undivided fourth has been made. His seven surviving children are co-owners of the land with James, Willie and Lizzie. Whether a widow is a co-owner with the heirs before assignment of dower, is a question on which the courts are divided. The great weight of judicial authority is to the effect that she is not. "Upon the death of the husband, the right of dower matures into a right of action to have her dower assigned to her in the lands of which her husband had been seized and to which her dower had not been barred. Before assignment this right rests merely in action." 17 Am.Jur. 706. However, at least one court has decided that unassigned dower of the widow is an estate and that she is a co-owner with the heirs. *Enyard v. Enyard,* 190 Pa. 114, 42 Atl. 526, 70 Am. St.Rep. 623. And in *McGowan v. Bailey,* 179 Pa.St. 470, it was said that the widow's interest in real estate of which her husband died seized, of which there had been neither appraisement nor partition, was a freehold estate in the land.

■ "It is a rule of general application that any co-owner of real property has a right to enter upon the common estate and take possession of the whole thereof, subject only to the equal right of his companions in interest, with whose possession he may not interfere." 14 Am.Jur. 93. "Subject to the rights of his co-tenants" a co-tenant "may occupy and utilize every portion of the property at

all times and in all circumstances, *but of course he has no right to exclude his co-owners* (emphasis ours), or to appropriate to his sole use any particular portion thereof." 14 Am.Jur. 95. One co-owner cannot oust another. *Prairie Oil & Gas Company v. Allen*, 2 F. (2d) 566, 40 ALR 1389.

■ If before her assignment of dower defendant Ufanua became a co-tenant with her children and stepchildren and James, Willie and Lizzie, this petition must be dismissed as she is entitled to possession. But we think it need not be decided whether she became a co-tenant or merely had a right to be assigned dower upon the death of her husband because it is clear to us from the deed that plaintiff Tolivale's interest in the land as trustee came to an end upon Lizzie's attaining the age of 21 years which was about eight years prior to the death of George Bird, Jr. Having no interest or estate in the land, Tolivale cannot maintain this action against Ufanua and her petition must be dismissed.

■ During the course of the hearing evidence was presented to the Court to the effect that defendant Ufanua had over a considerable period of time uttered what may have been slanderous remarks about plaintiff Tolivale, her mother-in-law; that in addition she had on various occasions threatened her and on many occasions committed an assault and battery upon her. In short the evidence indicated that Ufanua has subjected Tolivale to much personal abuse. This abuse prompted this action. Ufanua is a large woman, strong and vigorous, 41 years of age. Tolivale is about 85 years of age and small. She moves about with difficulty, being somewhat crippled. However morally wrong the abuse may have been, it is not determinative of this case. Although it would not ordinarily be included in a judicial opinion, nevertheless the Samoan Judges on the Court have requested the writer to insert herein a strong

200

warning to Ufanua against continuing any abuse of her aged and infirm mother-in-law. It should be stated that slander is a crime in American Samoa (Sec. 858, A. S. Code) as is assault and battery (Sec. 821, A. S. Code). Both crimes are punishable by fine or imprisonment or both. And of course it is common knowledge that both slander and assault and battery are torts for which civil actions for damages will lie. These facts should be sufficient warning to Ufanua not to abuse her aged mother-in-law any more. Also it should help keep the peace.

### ORDER

It is hereby ORDERED that the petition of Tolivale to evict Ufanua be and the same is hereby dismissed.

Costs in the sum of $10.50 are hereby assessed against Tolivale, the same to be paid within 30 days.